JOHN P. WEBBER vs. LEWIS F. STRATTON.

Penobscot. · Opinion December 18, 1896.

*Deeds. Acknowledgment. Evidence. R. S., c. 82, § 110.*

When called for, the execution of a deed to a party, as grantee, must be proved.

The certificates of acknowledgment and registration, appearing upon a recorded deed, are not proof of its execution.

ON REPORT.

The facts appear in the opinion.

*C. A. Bailey*, for plaintiff.

*D. F. Davis, F. H. Appleton and H. R. Chaplin*, for defendant.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

EMERY, J.   This is an action of trespass for cutting timber on wild land.   The plaintiff did not undertake to show any actual possession of the locus, but only such constructive possession as would follow from proof of title in him.   Such proof of title, therefore, was essential to his right of action.   In support of his claim of title he offered in evidence, among other documents, a paper purporting to be an original deed of conveyance of the locus to himself, regularly signed, sealed and acknowledged before a notary public in the State of New York, and recorded in the proper registry of deeds in this State.

Proof of the execution of this deed was seasonably called for by the defendant, and its admissibility without such proof was objected to.   The plaintiff offered no proof whatever of its execution; but it was admitted subject to the defendant's objection and exception.

The question presented by this exception is whether the official certificate of the statute acknowledgment of the deed, appearing upon a recorded deed, dispenses with other proof of its execution

when offered by the grantee therein as evidence of title. Since the certificate is purely a creature of statute it cannot have that effect except by force of some statute provision. In many and probably most of the States, the statutes are held to have that force, but those decisions are based on the peculiar language of those statutes.

We have in Maine no statute providing in terms for such an effect of a certificate of acknowledgement. The statute of conveyances, R. S., c. 73, requires deeds of conveyance to be acknowledged before being recorded in the official registry. The only purpose of this requirement seems to be to protect the registry from misuse. The certificate of acknowledgement is to be evidence to the register, sufficient to admit the deed to registration. There is in this statute no indication of any other purpose in requiring an acknowledgement.

The only statute concerning proof of the execution of deeds, when offered in evidence in court, is R. S., c. 82, § 110, which provides that a party may offer in evidence attested copies of anterior deeds from the registry "without proof of their execution."

Under our system of conveyancing these anterior deeds would not usually be in the possession of the party, and it might often be practically impossible for him to prove their execution. If these deeds possess the requirements for official registration and are registered, then attested copies from the official registry are properly assumed to be copies of duly executed deeds. The original of such an anterior deed bearing the certificate of official registration may also be assumed to have been duly executed. *Knox* v. *Silloway*, 10 Maine, 201.

The statute, however, only applies to anterior deeds, and expressly excludes from its operation the deed to the party himself. Moreover, the legislature seems to have carefully guarded against any inference that without the statute the originals of such deeds, though acknowledged and recorded, would be admissible without proof of execution. Office copies and originals of anterior deeds duly acknowledged and recorded are by the statute made admissible "without proof of execution." The inference would seem to be that acknowledged and recorded deeds to the party,

being without the statute, are not to be admitted without proof of execution.

The necessity of proof of the execution of such deeds, if called for, seems to have been hitherto assumed without question by the courts and the legal profession in this State. The method or sufficiency of the proof has sometimes been considered, but we find no case in which it was suggested that no proof was necessary. *Woodman* v. *Segar*, 25 Maine, 90; *Kent* v. *Weld*, 11 Maine, at page 460; *Dunlap* v. *Glidden*, 31 Maine, 510; *Hutchinson* v. *Chadbourne*, 35 Maine, at page 192; *Bird* v. *Bird*, 40 Maine, 392; *Knox* v. *Silloway*, 10 Maine, 201; *Emery* v. *Legro*, 63 Maine, 357; *Jones* v. *Roberts*, 65 Maine, 273; *Patterson* v. *Snell*, 67 Maine, at page 562; *Elwell* v. *Cunningham*, 74 Maine, 127.

A rule that acknowledgement and registration should be prima facie proof of the execution of a deed might in many cases save expense and trouble, but such a rule does not seem to have been established in this State either by legislation or by judicial custom.

The plaintiff in this case having failed to offer any proof of the execution of his deed, such proof having been called for, has failed to prove his title and hence must be nonsuited. In a new action he will have the opportunity to supply the proof.

*Plaintiff nonsuit.*